UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BROOKS HOFFMAN,<br><br>                              Plaintiff,<br><br>        v.<br><br>JAMES ROWE, PERSHING COUNTY<br>TOURISM AUTHORITY; and COUNTY OF<br>PERSHING, a political entity,<br><br>                              Defendant. | Case No. 3:12-cv-00342-MMD-WGC<br><br><br>ORDER |

This case comes before this Court through Defendant's Petition for Removal. (Dkt. no. 1.)  Plaintiff has moved to remand.  The Court has considered the petition for removal and the briefs relating to Plaintiff's motion to remand.  (Dkt nos. 1, 3-6.)  The Court has also reviewed Plaintiff's motion for attorney's fees (dkt. no. 7) and Defendants' opposition to said motion (dkt. no. 8).  The Court grants the motion to remand, but denies the motion for attorneys' fees.

I.      RELEVANT BACKGROUND

Plaintiff initiated this case in the Sixth Judicial District Court of the State of Nevada in and for the County of Pershing in 2009 after an alleged incident at the Lovelock Municipal Swimming Pool.   Plaintiff was barred from entry to the Pool based on inappropriate conduct that allegedly occurred during and after a water aerobics class on July 22, 2008.  In a scheduling order issued on June 15, 2002, several days before the filing of the petition for removal, the district court set this case for trial commencing on December 4, 2012.

1
2
3
4
5
6
7
8

Following summary judgment proceedings, the district court denied Defendants' request for summary judgment on all but two claims — the first claim for declaratory relief and the third claim for injunctive relief.[1]  (*See* Decision Granting in Part and Denying in Part, Defendants' Amended Motion for Summary Judgment and Related Orders ("Summary Judgment Order," dkt. no. 3-1.)  The court gave Plaintiff twenty (20) days to file and serve the Second Amended Complaint to cure the deficiencies as to these two claims and directed Plaintiff to email Defendants' counsel and the Court if Plaintiff were to abandon his request for injunctive relief.

9
10
11
12

On June 20, 2012, Plaintiff emailed a copy of the Third Amended Complaint ("TAC") to the court and Defendants' counsel.[2]  Defendants filed the petition for removal the next day,[3] before the Third Amended Complaint was filed with the district court.   As a result, the TAC is not part of the official record of the district court before removal.

13
14
15

In their petition for removal, Defendants sought to invoke this Court's original jurisdiction under 28 U.S.C. § 1331 on the grounds that the TAC seeks relief arising out of the United States Constitution.  Plaintiff timely moved to remand.

16    **II.    DISCUSSION**

17        A.    Motion to Remand

18
19
20
21

Plaintiff argues that because the TAC is a "proposed" amended complaint that has not yet been filed with the district court, it is not part of the district court's records and cannot be used as a basis to invoke federal question jurisdiction.[4]  Plaintiff further

22
23

[1]The district court denied Defendants' request for summary judgment on Plaintiff's claims for defamation, conspiracy to defame and infliction of emotional distress.  The court also granted summary judgment in favor of one defendant, the City of Lovelock.

24
25

[2]The record is not clear as to why Plaintiff referred to his latest complaint as the "Third Amended Complaint."  The Summary Judgment Order permitted Plaintiff to file a "Second Amended Complaint." (Dkt. no. 3-1.)

26
27

[3]Defendants have failed to comply with the Court's minute order concerning removal by filing the statement of removal.  (Dkt. no. 2.)

28

[4] The Court notes that Plaintiff's characterization of the TAC as a "proposed" complaint is not accurate. The Summary Judgment Order permitted him to file a "Second *(fn. cont…)*

2

1   argues that the TAC asserts state law claims which do not depend on resolution of a
2   substantial question of federal law.  The Court agrees with Plaintiff.

3        A defendant may remove an action to federal court if the plaintiff could have
4   initially filed the complaint in federal court.  28 U.S.C. § 1441(a).  If removal was
5   improper and the federal court lacks jurisdiction, the federal court must remand the case
6   to state court.  28 U.S.C. § 1447(c).  The district court must resolve all ambiguity in favor
7   of removal.  *Dunham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

8        A district court analyzes jurisdiction "on the basis of the pleadings filed at the time
9   of removal without reference to subsequent amendments."  *Sparta Surgical Corp. v. Nat'l*
10  *Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998).  The "pleadings filed" at
11  the time of removal on June 21, 2012, do not include the TAC.  Thus, reviewing the
12  "pleadings filed" in the state court action at the time of removal, there is no dispute that
13  no federal question was raised.

14       Defendants contend that they have complied with the removal procedures
15  established at 28 U.S.C. § 1446(b) by seeking to remove upon "receipt" of the TAC.
16  However, that statute establishes the timeline for removal, it does not address the
17  records upon which the Court considers jurisdiction.  Analyzing the pleadings on file with
18  the state court as of June 21, 2012, there is clearly no federal question.

19       Even setting aside this deficiency, the TAC does not present a federal question to
20  invoke jurisdiction. The "presence or absence of federal-question jurisdiction is governed
21  by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only
22  when a federal question is presented on the face of the plaintiff's properly pleaded
23  complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "It is a 'long-settled
24  understanding that the mere presence of a federal issue in a state cause of action does
25  not automatically confer federal-question jurisdiction."  *Lippit v. Raymond James Fin.*

26  _____

27  *(…fn. cont.)* Amended Complaint" and ordered him to so do within 20 days unless he
    decided not to pursue the injunctive relief claim.  The TAC would have been filed by the
28  state court clerk but for the removal.

*Services, Inc.,* 340 F.3d 1033, 1040 (9th Cir. 2003) quoting *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229 (1986).  For example, a complaint asserting claims based on wrongful employment termination under state law but alleged at the outset that it arises out of laws of the United States (i.e., Title VII) and state laws and are based on violation of public policies of the United States and the state do not invoke federal question jurisdiction because state laws, not federal laws, create these claims.  *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339 (9th Cir. 1996)

The TAC asserts six claims for relief for defamation, breach of contract, breach of the implied covenant of good faith and fair dealing and infliction of emotional distress.  In support of these claims, the TAC appears to track language of the state district court's order observing that "some due process, including notice and hearing, was due and should have been afforded Plaintiff prior to the issuance and service of the 'trespass notice'" (*see* Summary Judgment Order, dkt. no. 3-1 at 7).  Clearly, Nevada's common laws create these claims and the question of federal law is not a necessary element of any of these claims.

B.      Motion for Attorney's Fees

The Court does not find good cause exists to grant Plaintiff's motion for attorney's fees.

III.    **CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's motion to remand (dkt no. 3) is GRANTED and this case is remanded to the Sixth Judicial District Court of the State of Nevada, in and for the County of Pershing.

IT IS FURTHER ORDERED that Plaintiff's motion for attorney's fees (dkt. no. 7) is DENIED.

DATED THIS 30th day of July 2012.

_____
UNITED STATES DISTRICT JUDGE

4